*1255 COPE, J.
(concurring in part, dissenting in part).
Defendant-appellant Anthony Simon filed a motion to correct illegal sentence which argued, among other things, that the sentencing order on counts three through eight illegally imposed a firearm mandatory minimum sentence, when the defendant had been acquitted of the use of a firearm in the underlying crimes. The State’s response demonstrates that there is no illegal sentence, because the sentencing orders on counts three through eight contain a scrivener’s error. The oral pronouncement at sentencing was for mandatory minimum sentences under the habitual violent felony offender (HVFO) statute and no mandatory minimum sentences were imposed under the firearm statute.
I acknowledge that this disposes of the illegal sentence claim. Further, since the defendant is serving a life sentence with a mandatory minimum sentence of fifteen years as an HVFO on count one, the sentences on counts three through eight do not make a practical difference.
Nonetheless, the defendant is entitled to have the sentencing order corrected to accurately reflect the trial court’s oral pronouncement. The State suggests, and I agree, that we should remand for that purpose. It is true that the defendant can file another postconviction motion requesting correction of the scrivener’s error, but it would be more efficient for us to send it back to accomplish that purpose at this time.